## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BIG OAK FARMS, INC., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 11-275-L |
| | ) (Judge Nancy B. Firestone) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, Section III, of the Rules of the United States Court of Federal Claims ("RCFC"), counsel for the plaintiffs, Big Oak Farms, Inc., et al., and counsel for the defendant, the United States, submit the following joint status report.

**(a)    Does the court have jurisdiction over the action?**

The plaintiffs do not dispute the Court's jurisdiction over this matter at the current time. The Government contends that to the extent the Court determines that the easements at issue in this matter are not enforceable against the Government, the Court may be without jurisdiction to grant relief upon plaintiffs' claims.

**(b)    Should the case be consolidated with any other case and, if so, why?**

The parties are not currently aware of any case with which this matter should be consolidated.

**(c)    Should trial of liability and damages be bifurcated and, if so, why?**

At this time, the parties agree that it is not appropriate to bifurcate trial of liability and damages. The parties support bifurcation of discovery and dispositive motions as detailed in the Joint Discovery Plan in item (m).

**(d)    Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**(e)    In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

Neither party has any current plans to seek a remand or suspension of this matter.

**(f)    Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.**

There are no current plans to join any additional parties to this matter. If members of the putative class wish to proceed in this case as named plaintiffs rather than absent class members, such elections must be made by February 15, 2013.

**(g)    Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

At this time, the parties do not anticipate filing motions pursuant to RCFC 12(b) or 12(c). Both parties expect to file at least one motion pursuant to RCFC 56. The parties propose that the schedule for filing such motions will be as detailed on their Joint Discovery Plan, included herein as item (m).

**(h)    What are the relevant factual and legal issues?**

Below, the parties generally describe issues to be resolved relating to both the merits of the dispute, as well as to plaintiffs' desire to proceed in the form of a class action. After the Court's dismissal of plaintiff's Fifth Amendment takings claims, this case is now proceeding as an action for breach of contract.

Merits Issues: The relevant legal issues concerning the merits include whether the easements entered into by Plaintiffs and the United States constitute enforceable contracts and, if so, what is the scope of those contracts and what rights do Plaintiffs have under those contracts. If the easements at issue are held to be enforceable contracts, further legal issues will include whether the United States' actions constituted a breach of those contracts and, if so, what damages Plaintiffs are owed. The principal factual issues regarding the merits include whether Plaintiffs entered into easements, when Plaintiffs entered into easements, what the language of the operative easements provides, whether Plaintiffs' property was damaged or destroyed by the actions of the United States, and to what extent those property damages are compensable under the contracts or in an action alleging breaches of the contracts.

Class Issues: Plaintiffs seek to represent a class consisting of "All persons and entities who owned and/or leased real and/or personal property and/or who owned businesses in the Birds Point-New Madrid Floodway that were damaged or destroyed by floodwaters pursuant to Defendant's operation of the Floodway on May 2, 2011." (Pl. Compl. at ¶ 67). Under RCFC 23(a), there are issues concerning (1) whether the class is so numerous that joinder of all members is impracticable; (2) whether there are questions of law or fact common to the class; (3) whether the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) whether the representative parties will fairly and adequately protect the interests of the class. In addition, under RCFC 23(b), there are issues concerning (1) whether the

United States has acted or refused to act on grounds generally applicable to the class; (2) whether the questions of law or fact common to class members predominate over any questions affecting only individual members; and (3) whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**(i)    What is the likelihood of settlement?  Is alternative dispute resolution contemplated?**

At this time, without further development through discovery of the factual and legal issues in this matter, the parties are unlikely to settle.  Both sides remain open to settlement, however, and have discussed opening a settlement dialogue at an appropriate juncture.  At this time, the parties do not believe that alternative dispute resolution will be useful in facilitating settlement.

**(j)    Do the parties anticipate proceeding to trial?  Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

If the parties are unable to settle this case, and if the case is not resolved upon motions pursuant to RCFC 56, the parties anticipate proceeding to trial.  The parties agree that, for the convenience of the many plaintiffs and fact witnesses in this case, trial should be held in the United States Federal District Courthouse in Cape Girardeau, in the Southeast Division of the Eastern District of Missouri.  The parties accordingly request that this be set as the place of trial for this matter.

**(k)    Are there special issues regarding electronic case management needs?**

The parties are not currently aware of any special issues regarding electronic case management needs.

**(l)    Is there other information of which the court should be aware at this time?**

The parties are not aware of other information of which the Court should be aware at this time.

**(m)     Proposed Discovery Plan**

For the convenience of the Court and the parties, and to resolve this matter as efficiently as possible, the parties propose bifurcating discovery and dispositive motions on liability and damages, addressing liability first and then, if necessary, damages.  The parties propose the following discovery plan in accordance with RCFC Appendix A, Section III, ¶ 5:

- Initial Disclosures Due                                            October 8, 2012

- Close of Fact Discovery on Liability                     April 15, 2013

- Expert Reports on Liability Served                       May 15, 2013

- Rebuttal Expert Reports on Liability Served       June 14, 2013

- Liability Experts Available for Deposition          July 15, 2013

- RCFC 56 Motions on Liability Due                      August 16, 2013

Once the Court has ruled on any RCFC 56 motions on liability, and assuming the case proceeds, the parties will confer and promptly make a proposal to the Court regarding the schedule for remaining discovery related to damages, briefing regarding class certification, further dispositive briefing, and trial.

                Respectfully submitted,

                STUART F. DELERY
                Acting Assistant Attorney General

                JEANNE E. DAVIDSON
                Director

                <u>s/ Bryant N. Snee</u>
                BRYANT N. SNEE
                Deputy Director

<div style="margin-left: 3em;">

<u>s/ P. Davis Oliver</u>
P. DAVIS OLIVER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 580, Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 353-0516
Fax:  (202) 514-8624


COOK, BARKETT, PONDER & WOLZ, L.C.

By:        */s/ J. Michael Ponder*
         J. Michael Ponder  -  MO 38066
         715 N. Clark, P.O. Box 1180
         Cape Girardeau, MO 63702-1180
         Phone: 573-335-6651   Fax:  573-335-6182
         E-mail:  mponder@cbpw-law.com

COOK, BARKETT, PONDER & WOLZ, L.C.

By:        */s/ Phillip J. Barkett, Jr.*
         Phillip J. Barkett, Jr.  – MO 22958
         715 N. Clark, P.O. Box 1180
         Cape Girardeau, MO 63702-1180
         Phone: 573-335-6651   Fax:  573-335-6182
         E-mail:  pbarkett@cbpw-law.com

COOK, BARKETT, PONDER & WOLZ, L.C.

By:        */s/ Kathleen A. Wolz*
         Kathleen A. Wolz  -  MO 35495
         715 N. Clark, P.O. Box 1180
         Cape Girardeau, MO 63702-1180
         Phone: 573-335-6651   Fax:  573-335-6182
         E-mail:  kwolz@cbpw-law.com

COHEN MILSTEIN SELLERS & TOLL PLLC

By:        */s/ Benjamin D. Brown*
         Benjamin D. Brown  -  DC 495836
         1100 New York Avenue, NW
         Suite 500 W
         Washington, D.C. 20005

</div>

                        Phone: 202-408-4600  Fax: 202-408-4699
                        E-mail:  bbrown@cohenmilstein.com
                        ATTORNEYS FOR PLAINTIFFS

August 9, 2012