### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| BIG OAK FARMS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 11-275-L |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Nancy B. Firestone |
| | ) | |
| Defendant. | ) | |
| | ) | |

### UNITED STATES' MOTION TO DISMISS TIME-BARRED CLAIMS

Defendant, the United States of America, hereby moves pursuant to Rules of the Court of Federal Claims ("RCFC") 12(b)(1) to dismiss the claims of plaintiffs first identified in the amended complaint filed on March 16, 2018. Am. Compl., ECF No. 122-1.[1] The amended complaint seeks to add claims of more than 100 additional landowners who were not previously parties to this lawsuit. Because these landowners failed to bring their claims within the applicable six-year statute of limitations period, their claims are time-barred and this Court has no jurisdiction to consider them. A memorandum in support follows.

---

[1] Plaintiffs' denominate the amended complaint that they filed on March 16, 2018 as the "Second Amended Complaint." Because Plaintiffs already filed a second amended complaint, ECF No. 32, this is instead Plaintiffs' third amended complaint. To avoid confusion, in this brief, the United States refers to the amended complaint that was filed on March 16, 2018 as the "Third Amended Complaint."

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

    I.     PROCEDURAL BACKGROUND ......................................................................... 1

    II.    LEGAL STANDARDS ....................................................................................... 2

          A.     Scope of Jurisdiction Under the Tucker Act ............................................... 2

          B.     Statute of Limitations ................................................................................. 3

          C.     RCFC 12(b)(1) Standard ............................................................................. 4

    III.   ARGUMENT ....................................................................................................... 5

          A.     The new landowner-claimants never previously brought any claims ......... 5

          B.     The Third Amended Complaint cannot relate back to the original
               complaint under RCFC 15(c)(1)(B) ............................................................ 6

          C.     The statute of limitations cannot be tolled in this case. ........................... 11

CONCLUSION ............................................................................................................ 16

## **TABLE OF AUTHORITIES**

**CASES**

*American Pipe & Construction Co. v. Utah,*
  414 U.S. 538 (1974) ............................................................. 11, 12, 13, 15

*Atkins v. Gen. Motors Corp.,*
  701 F.2d 1124 (5th Cir. 1983) ............................................... 10

*Barron Bancshares, Inc. v. United States,*
  366 F.3d 1360 (Fed. Cir. 2004) ............................................. 9

*Bright v. United States,*
  603 F.3d 1273 (Fed. Cir. 2010) ....................................... 3, 8, 11, 13, 14, 15

*California Public Employees' Retirement System v. ANZ Securities, Inc.,*
  137 S. Ct 2042 (2017) ......................................................... 14, 15

*Cedars–Sinai Med. Ctr. v. Watkins,*
  11 F.3d 1573 (Fed. Cir. 1993) ............................................. 4, 5

*Cooke v. United States,*
  79 Fed. Cl. 741 (2007) ........................................................ 11

*Creppel v. United States,*
  33 Fed. Cl. 590 (1995) ........................................................ 7, 8, 10, 12

*CRV Enterprises, Inc. v. United States,*
  626 F.3d 1241 (Fed. Cir. 2010) ........................................... 4

*CRV Enterprises, Inc. v. United States,*
  86 Fed. Cl. 758 (2009) ........................................................ 4

*Fauvergue v. United States,*
  85 Fed. Cl. 50 (2008) .......................................................... 8

*Glidden Co. v. Zdanok,*
  370 U.S. 530 (1962) ............................................................ 3

*Groshek v. Babcock & Wilcox Tubular Prods. Div.,*
  425 F. Supp. 232 (E.D. Wisc. 1977) .................................... 10

*Hart v. United States,*
  910 F.2d 815 (Fed. Cir. 1990) ............................................. 3

*Holland v. United States,*
  62 Fed. Cl. 395 (2004) ........................................................ 7

*Hopland Band of Pomo Indians v. United States,*
  855 F.2d 1573 (Fed. Cir. 1988) ........................................... 3

*John R. Sand & Gravel Co. v. United States,*
  552 U.S. 130 (2008) ............................................................ 4, 5

*John R. Sand & Gravel Co. v. United States*,
  457 F.3d 1345 (Fed. Cir. 2006) ................................................................. 4

*KVOS, Inc. v. Associated Press*,
  299 U.S. 269 (1936) ................................................................................... 4

*Lozano v. Montoya Alvarez*,
  134 S. Ct 1224 (2014) .............................................................................. 15

*Nat'l Air Traffic Controllers Ass'n v. United States*,
  160 F.3d 714 (Fed. Cir. 1998) ................................................................... 3

*Nicholas v. United States*,
  42 Fed. Cl. 373 (1998) ............................................................................... 3

*Nielsen v. Prof'l Fin. Mgmt., LTD.,*
  682 F. Supp. 429 (D. Minn. 1987) ............................................................. 7

*Penn Cent. Transp. Co. v. City of New York*,
  438 U.S. 104 (1978) ................................................................................... 8

*Principal Life Ins. Co. v. United States*,
  75 Fed. Cl. 32 (2007) ............................................................................... 11

*Shoshone Indian Tribe of Wind River Reservation v. United States*,
  364 F.3d 1339 (Fed. Cir. 2004) ................................................................. 3

*Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians v. United States*,
  178 Ct. Cl. 570 (1967) ............................................................................... 9

*Soriano v. United States*,
  352 U.S. 270 (1957) ................................................................................... 3

*Staren v. Am. Nat'l Bank & Trust Co.,*
  529 F.2d 1257 (7th Cir. 1976) ................................................................... 7

*Stone Container Corp. v. United States*,
  229 F.3d 1345 (Fed. Cir. 2000) ............................................................... 14

*United States v. King*,
  395 U.S. 1 (1969) ....................................................................................... 3

*United States v. Xiaoying Tang Dowaai*,
  839 F.3d 877 (9th Cir. 2016) ..................................................................... 3

*Williams v. United States*,
  405 F.2d 234 (5th Cir. 1968) ................................................................... 10

**STATUTES**

28 U.S.C. § 1491 ............................................................................................ 3

28 U.S.C. § 2501 ................................................................... 1, 3, 4, 5, 7, 13, 14, 15

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................. 10, 12, 13

RCFC 12(b)(1) ................................................................................................................................ 4

RCFC 15 ............................................................................................................................... 6, 8, 10

RCFC 23 ........................................................................................................................ 2, 6, 10, 13

## MEMORANDUM IN SUPPORT OF UNITED STATES'
## MOTION TO DISMISS TIME-BARRED CLAIMS

### Introduction

Almost seven years after bringing this putative class action, Plaintiffs amended their

complaint, adding new claims from more than one hundred landowners and dropping their class

action allegations.  ECF No. 121.  The new claims are time-barred under the six-year statute of

limitations.  28 U.S.C. § 2501.  Because Plaintiffs never moved to certify the putative class, they

may not now circumvent the statute of limitations merely by asserting that the landowners

bringing the new claims are "absent class members."  The new claims do not relate back to the

original complaint, the statute of limitations was not tolled, and the Court should accordingly

dismiss the untimely claims.

## I.      PROCEDURAL BACKGROUND

On May 2, 2011, the U.S. Army Corps of Engineers ("Corps") activated the Birds Point-

New Madrid Floodway ("Floodway").  That same day, Big Oak Farms, Inc. and twenty-five

additional plaintiffs sued the United States on behalf of a proposed class of persons and entities

that owned land or businesses within the Floodway.  Compl. – Class Action, ECF No. 1.

Plaintiffs filed an amended complaint on July 11, 2011.  Am. Class Action Compl., ECF No. 8.

Plaintiffs allege that the Corps' activation of the Floodway and plan for operating the Floodway

constitute Fifth Amendment takings of their real property within the Floodway.  *Id.* ¶¶ 74-93.

Plaintiffs seek compensation for the taking of flowage easements.

On April 23, 2012, Plaintiffs filed a Second Amended Complaint, dropping one count of

specific performance and adding a count for breach of easement agreement.  Second Am. Class

1

Action Compl., ECF No. 32 ("Second Am. Compl.").  Like the two complaints that preceded it, the Second Amended Complaint was brought by Big Oak Farms, Inc. and the same additional twenty-five plaintiffs on behalf of a proposed class of persons or entities that owned land or businesses within the Floodway.  Plaintiffs have never moved the Court to certify the action as a class action, as required by RCFC 23(c)(1)(a).  Instead, on November 21, 2017, after the applicable six-year statute of limitations expired, Plaintiffs indicated that they had "elected not to seek to certify a class" and would instead file an "amended complaint in the coming weeks to reflect the absence of class claims."  Joint Status Report and Statement Regarding Claims, ECF No. 120.

Four months later, on March 16, 2018, Plaintiffs moved for leave to file a Third Amended Complaint, which eliminates the class allegations and seeks to add more than 100 additional plaintiffs to this case.  Pls.' Mot. for Leave to File Second Am. Compl. & Mem. in Supp., ECF No. 121 ("Mot. for Leave").  The United States did not oppose the motion to amend but alerted the Court of its intention "to separately move to dismiss the claims brought by the newly-identified plaintiffs for the first time in the proposed amended complaint on the basis that those claims are barred by the applicable statute of limitations."  Joint Mot. to Amend Schedule ¶1, ECF No. 123.  On March 29, 2018, the Court granted Plaintiffs' motion for leave to amend and adopted the parties' briefing schedule for the instant motion.  ECF No. 124.

## II.   LEGAL STANDARDS

### A.  Scope of Jurisdiction Under the Tucker Act

The Tucker Act grants the Court of Federal Claims exclusive jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied

contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). While the Court of Federal Claims can award monetary damages and issue supplemental equitable relief, no provision in the Tucker Act "gives the [CFC] jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court." *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998)(citation omitted); *see also United States v. King*, 395 U.S. 1, 3, (1969) (relief in the CFC is "limited to actual, presently due money damages from the United States"); *Glidden Co. v. Zdanok*, 370 U.S. 530, 557, 1 (1962) ("From the beginning [the Court of Claims] has been given jurisdiction only to award damages, not specific relief." (citation omitted)), abrogation recognized on other grounds by *United States v. Xiaoying Tang Dowaai*, 839 F.3d 877 (9th Cir. 2016). The Court of Federal Claims may not equitably toll claims that are statutorily time-barred. *See Bright v. United States*, 603 F.3d 1273, 1287 (Fed. Cir. 2010) ("equitable tolling is barred under section 2501 . . .").

B. Statute of Limitations

In the Court of Federal Claims, "[e]very claim" over which the Court has jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This provision "places an express limit on the Government's waiver of sovereign immunity for every claim within the jurisdiction of the Court of Federal Claims." *Shoshone Indian Tribe of Wind River Reservation v. United States*, 364 F.3d 1339, 1346 (Fed. Cir. 2004) (citing *Soriano v. United States*, 352 U.S. 270, 273 (1957)); *Hart v. United States*, 910 F.2d 815, 817 (Fed. Cir. 1990), *abrogation recognized on other grounds by Nicholas v. United States*, 42 Fed. Cl. 373 (1998). Generally, under section 2501, a claim does not accrue until "all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*,

855 F.2d 1573, 1577 (Fed. Cir. 1988) (citation and emphasis omitted). "As a matter of law, a takings claim accrues when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *CRV Enters., Inc. v. United States*, 86 Fed. Cl. 758, 769 (2009) (internal quotations and alterations omitted) (quoting *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355–56 (Fed. Cir. 2006), *aff'd* 552 U.S. 130 (2008)), *aff'd*, 626 F.3d 1241 (Fed. Cir. 2010).

The statute of limitations in 28 U.S.C. § 2501 is jurisdictional in nature. *John R. Sand & Gravel Co.*, 552 U.S. at 133. Rather than protecting "a defendant's case-specific interest in timeliness," a jurisdictional statute of limitations works "to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a government waiver of sovereign immunity, or promoting judicial efficiency." *Id.* (citations omitted). Jurisdictional statutes of limitations require "a court to decide a timeliness question despite a waiver" and "forbid [] a court to consider whether certain equitable considerations warrant extending a limitations period." *Id.* at 134. Thus, "equitable tolling and estoppel do not extend the six-year statute of limitations embedded in 28 U.S.C. § 2501." *CRV Enters.*, 86 Fed. Cl. at 769 (citation omitted).

C.  RCFC 12(b)(1) Standard

The burden of establishing jurisdiction lies with the party seeking to invoke the court's jurisdiction. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936); *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). If a movant raises a facial attack on the complaint—by challenging the court's jurisdiction based on the sufficiency of the pleadings— the allegations are taken as true and construed in a light most favorable to the plaintiff. *Cedars– Sinai*, 11 F.3d at 1583. However, if a Rule 12(b)(1) motion challenges a complaint's allegations of jurisdiction, the factual allegations in the complaint are not controlling and only

uncontroverted factual allegations are accepted as true. *Id.* (citations omitted).  In resolving disputed predicate jurisdictional facts, "a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings." *Id.* at 1584 (citations omitted).

## III.  ARGUMENT

Plaintiffs' claims accrued between May 2 and May 5, 2011, when the Corps activated the Floodway by crevassing the front line levee at three separate points.  Any claim that accrued due to the activation of the Floodway had to be filed within six years of the floodway being activated, *i.e.* by no later than early May, 2017.  Any claims brought after that date are time-barred and this Court has no jurisdiction to consider them.  Thus, because the Third Amended Complaint was filed on March 16, 2018, any claims by landowners who did not previously assert claims against the United States are time-barred and should be dismissed.

A.  <u>The new landowner-claimants never previously brought any claims.</u>

Prior to March 16, 2018, twenty-six Plaintiffs asserted claims against the United States, alleging takings and breach of easement claims as to parcels they own.  The Third Amended Complaint seeks to add more than 100 additional landowners to this lawsuit as plaintiffs.  The claims asserted by those additional landowners are barred by the relevant statute of limitations, 28 U.S.C. § 2501, which waives the United States' sovereign immunity only as to claims asserted within six years of the claim accruing.  Otherwise, such claims are "barred," 28 U.S.C. § 2501, and this Court has no jurisdiction to consider them.  *See John R. Sand & Gravel Co.*, 552 U.S. at 133.

Plaintiffs seek to circumvent the jurisdictional bar to such claims by denominating the new landowner-claimants as "absent class members."  Plaintiffs assert that these "absent class members" are now coming forward in the post-limitations period "to convert their claims from

class claims to individual claims . . . ."  Mot. for Leave 1.  This post-hoc characterization is misleading however, for Plaintiffs never moved to certify any class in this case, as required by RCFC 23(c)(1)(a), and instead "elected not to seek to certify a class."  ECF No. 120.

Plaintiffs seemingly acknowledge that they only engaged in discussions about proceeding with individual claims after the statute of limitations expired.  In their March 16, 2018 motion, Plaintiffs note that "over the past few months," counsel "engaged in a substantial number of conversations with farmers throughout the New Madrid Floodway about counsel's plans to abandon class claims . . . ."  Mot. for Leave 2.  As the foregoing admission demonstrates, the new landowner claimants sat on their rights, neither bringing their own claims, nor insisting that counsel move the Court to certify the class within the limitations period.  The limitations period expired without either of these actions taking place.  The new landowner claimants accordingly have no basis for bringing claims that are statutorily barred.

B.  <u>The Third Amended Complaint cannot relate back to the original complaint under RCFC 15(c)(1)(B).</u>

The new landowner claimants, having failed to file their claims within the six-year limitations period, cannot use the relation-back doctrine set forth in RCFC 15(c) to revive those claims.  Rule 15(c)(1)(B) provides that an amendment of a complaint relates back to the date of the original complaint when:

> the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set forth in the original pleading;

In determining whether a claim relates back to the original complaint, courts apply a four factor test:  "1) whether the new plaintiff's claim arose out of the 'same conduct, transaction, or occurrence' as the original complaint; 2) whether the new plaintiff shares an 'identity of interest' with the original plaintiff; 3) whether the defendant had 'fair notice' of the new plaintiff's claim; and 4) whether the addition of the new plaintiff causes the defendant prejudice." *Holland v.*

*United States*, 62 Fed. Cl. 395, 407 (2004) (citations omitted).  The new landowner claimants fail to satisfy these factors.

   *First* and most significantly, the new landowner claimants do not share an identity of interest with the original Plaintiffs.  A plaintiff shares an "identity of interest" with the original plaintiff if "the new plaintiff is sufficiently related so that the new plaintiff was in effect 'involved in the proceedings unofficially from an early stage.'"  *Id.*at 408 (citing *Staren v. Am. Nat'l Bank & Trust Co.,* 529 F.2d 1257 (7th Cir. 1976)); *Creppel v. United States,* 33 Fed. Cl. 590 (1995); *Nielsen v. Prof'l Fin. Mgmt., LTD.,* 682 F. Supp. 429 (D. Minn. 1987).   The new parties must "bear a formal connection to the original plaintiffs apart from the shared experience of alleged government misconduct."  *Creppel*, 33 Fed. Cl. at 596.  *Creppel* is on point.  In that case, the Court dismissed takings claims of forty-three new landowner claimants who failed to file their claims prior to the expiration of the Section 2501 limitation period.  The Court found that while the new claimants maintained property in the same flood plain at issue in the original complaint, that geographic proximity did not to give rise to an identify of interest:

> Even assuming, *arguendo,* that the claims of the Harvey tract plaintiffs arose out of the same transaction or occurrence that gave rise to the original complaints, no corporate or other legal relationship exists between the Harvey tract plaintiffs and the original plaintiffs. The identity of interest between the original and proposed new plaintiffs is limited to geographic proximity—the fact that all landowners, at the time of the alleged taking, owned property within the Bayou Aux Carpes, the site of the federal flood control project. The geographic proximity of a discrete parcel of land to property owned by plaintiffs asserting a takings claim is not enough.

*Creppel*, 33 Fed. Cl. at 596.  The court found that even where the proposed additional plaintiffs owned interests in property that was the subject of the four initial consolidated complaints, those claims did not relate back so as to allow the untimely claimants to circumvent the statute of limitations.  *Id.*  Citing *Penn Central*, the Court noted that the Fifth Amendment requires an evaluation of the particular property interests involved, including a highly subjective inquiry into

an individual property owner's "distinct investment-backed expectations," and therefore determined that the United States was not adequately apprised by the earlier proceedings of the distinct claims of the additional plaintiffs. *Crepple*, 33 Fed. Cl. at 598 (citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 125 (1978)).

Like the untimely claimants in *Creppel*, the new landowner claimants here do not have any formal identity of interests with the original plaintiffs and have not shown that they possess any connection with the original plaintiffs, other than the "shared experience of alleged government misconduct," based on mere geographic proximity. This, as in *Creppel*, is insufficient to meet the identity of interest requirement.

Plaintiffs cite *Fauvergue v. United States*, 85 Fed. Cl. 50 (2008), for the proposition that the amended complaint relates back to the initial complaint under Rule 15(c). Mot. for Leave 6-7. But *Fauvergue* does not support Plaintiffs' argument. In *Fauvergue*, plaintiffs sought leave to amend a complaint and add additional putative class members. The Court in *Fauvergue* never resolved whether the additional putative class members satisfied the identity of interest test, and instead deferred it until plaintiffs' motion to certify the class.[2] *Fauvergue,* 85 Fed. Cl. at 59. Moreover, the court rejected the argument that RCFC 15(c) supported amending the complaint to add putative class members to the suit, determining that "the relation-back doctrine cannot be used to revive a class-action claim that is not within the jurisdiction of the Court of Federal Claims." *Fauvergue*, 85 Fed. Cl. at 59. On appeal, the Federal Circuit reinstated the additional plaintiffs' claims, but it did so on the basis of tolling (discussed below), not on the basis of relation-back under RCFC 15. *Bright*, 603 F.3d at 1291. Neither *Fauvergue* nor *Bright* supports

---

[2] Unlike in the present case, the plaintiffs in *Fauvergue* moved to certify a class prior to the expiration of the limitations period. 85 Fed. Cl. at 53.

an argument that the relation-back doctrine can revive the new landowner claimant's time-barred claims.

Plaintiffs also cite to *Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians v. United States*, 178 Ct. Cl. 570, 587 (1967) and *Barron Bancshares, Inc. v. United States*, 366 F.3d 1360, 1369-70 (Fed. Cir. 2004) in support of the relation back argument.  Both of these cases are distinguishable from the present case in that the proposed additional plaintiffs in both cases had formal identities of interest with the original plaintiffs.  In *Snoqualmie Tribe*, the Court found that the two tribes at issue, the Snoqualmie and Skykomish Tribes, were culturally intertwined and had a virtual identity of tribal interests.  178 Ct. Cl. at 587-89.  In finding that the Skykomish Tribe's claims related back to the Snoqualmie Tribe's claims, the court found that the tribes shared an identity of interest for purposes of the relation back doctrine, but noted that it "would have greater difficulty allowing the amendment if we thought it was brought by an entirely unrelated party even though it arose out of the same transaction."  *Id*. at 589.   Similarly, in *Barron Bancshares*, the Federal Circuit found that claims of the Federal Deposit Insurance Corp. ("FDIC") related back to those of a failed thrift in light of the participation by the FDIC's predecessor in related litigation and by virtue of FDIC's role as receiver of the failed thrift, "a role coincident with Plaintiffs' pursuit of the failed thrift's claims."  366 F.3d at 1369.

By contrast, the new landowner claimants here have not alleged any type of cultural, representative, or financial proxy relationship sufficient to satisfy the identity of interest test for allowing their claims to relate back to the timely claims.  Because Plaintiffs' Third Amended Complaint does not allege identity of interest between the new claimants and the original Plaintiffs, the claims of the new claimants do not relate back under Rule 15(c).

The claims brought by the landowners also do not relate back to the timely claims because Plaintiffs failed to provide the United States with fair notice of the more than 100 new claims. In *Creppel*, the court noted that under RCFC 15(c), "[n]ot only must the opposing party have received notice of the operational facts underlying the new claims, but defendant 'must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in.'" *Creppel*, 33 Fed. Cl. at 597 (citing *Williams v. United States*, 405 F.2d 234, 238 (5th Cir. 1968)). The Court found that "[t]he original complaints do not contain information sufficient to notify defendant that the proposed additional plaintiffs have been involved in the litigation from the beginning." *Id.* (citation omitted). The Court's analysis of notice applies here: while it may be true that United States was aware of the operational facts underlying the activation of the Floodway, the mere reference to a class action in the original complaint did not apprise the United States of the new claimants that would assert takings claims, nor of any property-specific facts related to their takings claims. This is particularly true for a class action under the RCFC 23, as plaintiffs must opt in to the class action.[3]

While the claims of the new landowners arise out of the same event, there are distinct transactions that give rise to their respective claims. Plaintiffs have alleged that the Corps' activation of the floodway exceeded the scope of the easements that the United States obtained over various parcels in the floodway. Second Am. Compl. ¶49. Because a takings analysis will require an evaluation of the particular property interests pertaining to each parcel, including the

---

[3] This is in contrast to a Fed. R. Civ. P. 23 class action suit where each person within the class description is considered a class member unless they "opt out" of the class. *See, e.g. Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) (Fair Labor Standards Act requires class action plaintiffs to opt in, barring as untimely opt-in claims brought after statute's expiration) (citing *Groshek v. Babcock & Wilcox Tubular Prods. Div.*, 425 F. Supp. 232 (E.D. Wisc. 1977) (class action rule for tolling contained in 29 U.S.C. § 256 controls over Fed. R. Civ. P. 23 rule regarding the tolling of limitations)).

existence and terms of flowage easements, there are distinct evidentiary questions that pertain to the new claimants and which may not pertain to the original Plaintiffs' claims.

Finally, in the context of the lack of notice to the United States, the delay of Plaintiffs in adding these claims, and the potentially significant expansion of discovery issues, the addition of more than 100 time-barred claims at this stage would unfairly prejudice the United States. "Undue prejudice may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery."  *Cooke v. United States*, 79 Fed. Cl. 741, 742-43 (2007) (citation omitted); *see also Principal Life Ins. Co. v. United States*, 75 Fed. Cl. 32, 33 (2007) (denying leave to amend where amendment "would undoubtedly set off a new waive [sic] of motions, if not require further discovery . . .").

      C.  <u>The statute of limitations cannot be tolled in this case.</u>

Though the claims of the new landowners are time-barred by the six-year statute of limitations, Plaintiffs nonetheless contend that this Court can exercise jurisdiction over those claims because they were "tolled during the pendency of the class action."  Mot. for Leave 7.  In support of this proposition, Plaintiffs rely on the Supreme Court's decision in *American Pipe & Construction Co. v. Utah,*  414 U.S. 538 (1974).  But neither *American Pipe* nor the Federal Circuit's decision in *Bright* provide support for the proposition that the Court may toll the statute of limitations where, as here, Plaintiffs never sought class certification.

In *American Pipe*, plaintiffs purported to bring a class action antitrust lawsuit, subject to the statute of limitations in section 4(b) of the Clayton Antitrust Act, which allowed plaintiffs to bring suit within one year following the completion of criminal proceedings brought by the United States.  *Am. Pipe*, 414 U.S. at 540-42 (citing 38 Stat. 730, 732 (1914) (codified as amended at 15 U.S.C. § 16)).  Plaintiffs brought suit in May 1969, eleven days prior to the expiration of the limitations period.  In December 1969, after the limitations period had expired,

the district court denied class certification under Fed. R. Civ. P. 23 and denied a subsequent

motion to intervene brought by plaintiffs that had sought to be members of the class as time

barred.  *Am. Pipe*, 414 U.S. at 542-44.  The Supreme Court reversed the denial of the motion to

intervene and held that "the commencement of a class action suspends the applicable statute of

limitations as to all asserted members of the class who would have been parties had the suit been

permitted to continue as a class action" and tolled the statute of limitations.  *Id.* at 554 (footnote

omitted).

*American Pipe* is distinguishable from the present case for at least two critical reasons.

*First*, the Court's determination was premised on Fed. R. Civ. P. 23(c)(1), which provided that

"a determination whether an action shall be maintained as a class action is made by the court

'[a]s soon as practicable after the commencement of an action…"  *Am. Pipe*, 414 U.S. at 547

(quoting Fed R. Civ. P. 23(c)(1)).  The plaintiffs in *American* Pipe filed a motion for class

certification soon after filing their complaint, just as Rule 23 contemplates.  Here, because

Plaintiffs never moved to certify the class over the course of more than six years and ultimately

decided not to pursue a class action, the Court never had the opportunity to determine whether a

class action is the appropriate vehicle for Plaintiffs to bring their claims.  Because Plaintiffs'

claims involve unique parcels of real property and the Fifth Amendment requires an evaluation

of the particular property interests involved, including a highly subjective inquiry into an

individual property owner's "distinct investment-backed expectations," the United States does

not believe that a class action would have been appropriate in this case.  *Creppel* 33 Fed. Cl. at

598.

*Second*, in *American Pipe* the Court was considering whether tolling was appropriate

within the context of an *opt-out* class action under Fed. R. Civ. P. 23, which is "a truly

representative suit[,]" *Am. Pipe*, 414 U.S. 550, pursuant to which "potential class members retain the option to participate in or withdraw from the class action only to the point . . . when the suit is allowed to continue as a class action and they are sent notice of their inclusion…" *Id.*, at 549. By contrast, in the Court of Federal Claims, "unlike the FRCP, the court's rule contemplates only opt-in class certifications, not opt-out classes." RCFC 23, 2002 Rules Committee Notes. Unlike a putative class member under Fed. R. Civ. P. 23, who is a potential class member until she makes an election upon receiving class notice, a putative class member under RCFC 23 has an obligation to join the class.

In *Bright*, plaintiffs filed a putative class action complaint under the Tucker Act alleging Fifth Amendment takings nine days prior to the expiration of the six-year statute of limitations period in section 2501. 603 F.3d at 1276. The plaintiffs immediately moved for class certification prior to the expiration of the limitations period. *Id.* After the limitations period expired, plaintiffs filed an amended complaint seeking to add 20 additional class members. The court dismissed the claims of the additional claimants as time-barred. *Id.* at 1276-77. The Federal Circuit reversed, concluding that "when a class action complaint is filed and class certification is sought prior to the expiration of section 2501's limitations period, the limitations period is subject to class action tolling during the period the court allows plaintiffs to opt in to the class." *Id.* at 1290.

*Bright* is distinguishable. Unlike the present case, the plaintiffs in *Bright* filed a motion for class certification prior to the expiration of the limitations period, and just six days after bringing the lawsuit. In *Bright*, the Federal Circuit left "for another day the question of whether tolling would be allowed where class certification was sought after expiration of the limitations period." *Id.* at 1290 n. 9. And it explicitly rejected the plaintiffs' "contention that the *filing* of

13

the original complaint satisfied the limitations requirement of section 2501 outright for all putative member of the class." *Id.* at 1283 (emphasis added).[4]  Here, because Plaintiffs never moved for class certification, this is not a case where class certification was sought after the expiration of the limitations period and plaintiffs later seek to have their claims tolled.  Instead, Plaintiffs are essentially asking the Court to allow tolling merely on the basis that the original complaint contained class allegations.  *Bright* rejected that notion.   And Plaintiffs cite no case within the Federal Circuit where a plaintiff failed to move for class certification throughout the entire statute of limitations period, yet a court tolled the statute of limitations to allow additional claimants to bring claims that were otherwise time-barred.

   *Bright* notwithstanding, recent Supreme Court precedent strongly suggests that tolling under section 2501 is inappropriate here.  In *Bright*, the Federal Circuit accepted that "*equitable* tolling is barred under section 2501 . . .*" but found that "*statutory* tolling" could be permissible under *American Pipe*.  *Bright*, 603 F.3d at 1287-88 (emphasis added).  However, in *California Public Employees' Retirement System v. ANZ Securities, Inc.*, 137 S. Ct 2042 (2017), the Supreme Court determined that the tolling in *American Pipe* was equitable tolling, not statutory tolling.

   In *ANZ Securities* plaintiffs sought to bring time-barred claims under the Securities Act of 1933, which contains a three-year statute of limitations.  Plaintiffs argued, as they do here, that the statute of limitations "is subject to tolling based on the rationale and holding in the Court's

---

[4] Indeed, in every case within the Federal Circuit in which courts have allowed tolling of class action claims the representative plaintiffs filed both a class action complaint and a motion for class certification prior to expiration of the limitation period. *See e.g. Stone Container Corp. v. United States*, 229 F.3d 1345 (Fed. Cir. 2000) (limitations period tolled by timely filing of complaint and motion for class certification).

decision in *American Pipe*." *ANZ Sec.*, 137 S. Ct. at 2051.  The Court rejected this assertion, finding that "the source of the tolling rule" announced in *American Pipe*, is "the judicial power to promote equity, rather than to interpret and enforce statutory provisions."  *ANZ Sec.*, 137 S. Ct. at 2051.  In reaching this conclusion, the Court distinguished between statutory tolling, which "is permissible only where there is a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances," *id*. at 2050, and equitable tolling, which "permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *Id*. (citing *Lozano v. Montoya Alvarez*, 134 S. Ct 1224, 1231-32 (2014)).  The Court concluded:

> Nothing in the *American Pipe* opinion suggests that the tolling rule it created was mandated by the text of a statute or federal rule.  Nor could it have. The central text at issue in *American Pipe* was Rule 23, and Rule 23 does not so much as mention the extension or suspension of statutory time bars.

> The Court's holding was instead grounded in the traditional equitable powers of the judiciary. The Court described its rule as authorized by the "judicial power to toll statutes of limitations."

*Id*. at 2051-52 (citing *American Pipe*, 414 U.S. at 555-558).

Thus, because *American Pipe* concerned equitable tolling, and because "equitable tolling is barred under section 2501[,]" *Bright*, 603 F.3d at 1287, *American Pipe* does not provide any authority for this Court to toll Plaintiffs claims under section 2501.

## Conclusion

For the foregoing reasons, the Court should grant the United States motion to dismiss the time-barred claims.  Only those twenty-six Plaintiffs who filed claims in the first and second amended complaints should be permitted to pursue their claims.

Respectfully submitted, April 27, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
TAYLOR FERRELL (DC Bar No. 498260)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
PH:  (202) 305-0445 (Duffy)
PH:  (202) 305-0874 (Ferrell)
Facsimile:  (202) 305-0506
Email:  sean.c.duffy@usdoj.gov
            taylor.ferrell@usdoj.gov

*Attorneys for Defendant*

16