# EXHIBIT A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BIG OAK FARMS, INC., *et al.*,

        Plaintiffs,

v.

UNITED STATES,

        Defendant.

Case No. 11-275-L

Hon. Nancy B. Firestone

## PLAINTIFFS' SUR-REPLY TO THE UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS TIME-BARRED CLAIMS

In the "United States' Reply in Support of Motion to Dismiss Time-Barred Claims" ("Reply"), ECF No. 130, the Government argues that newly-named Plaintiffs' claims are untimely because they neither relate back to the original class action complaint nor are tolled by that complaint's filing.  The Government asserts a number of new arguments in its filing.  Some of the new arguments were anticipatorily addressed by Plaintiffs in their opposition brief ("Opp'n"), ECF No. 129, and do not need to be addressed herein.  *See, e.g.*, Reply at 12-14 (arguing that Plaintiffs' claims are barred because they did not wait to resolve class certification before filing their individual claims, which was anticipated and addressed by Plaintiffs with relevant case law at Opp'n at 18 n.8).  The Government, however, advances three new arguments that warrant a response because they are not only new, but because they rely on misstatements of law that can be expeditiously and effectively addressed.

**First**, in arguing that the Third Amended Complaint does not "relate back" to the original complaint under Rule 15(c), the Government relies primarily on *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010).  Indeed, in its Reply, the Government states that *Bright* "expressly rejected" Plaintiffs' relation back argument (page 2), that the Federal Circuit "specifically upheld the Court of Federal Claims' ruling on the relation back question[,]" (pages 2-3 n.2), that the "Federal Circuit's ruling in *Bright* is dispositive of Plaintiffs' relation-back argument[,]" (page 3), and that Plaintiffs' argument regarding the application of the "identity of interest" test under Rule 15(c) to class actions "has been squarely rejected by the Federal Circuit in *Bright*[,]" (page 6).  The Government's arguments on this point are not merely wrong; they are belied by the *Bright* court's clear and express statement that it was not addressing the issue of relation back: "Based upon our disposition of this appeal, it is not necessary for us to address the question of

1

whether section 2501's limitations period was satisfied through relation-back under RCFC 15." *Bright*, 603 F.3d at 1290-91.

The plaintiffs-appellants in *Bright* presented three distinct alternative arguments to the Federal Circuit as to why their claims were not time-barred, which were presented in their brief in the same order that the court discussed them in its decision: 1) that the timely filing of a class action complaint satisfies the statute of limitations for everyone generically described in the original complaint *without absent class members needing to rely upon tolling or relation back whatsoever*; 2) that the timely filing of a class action tolls the limitations period; and 3) that an amendment of a timely-filed class complaint wherein an unnamed class member becomes a named plaintiff "relates back" to the original filing under Rule 15(c).  *See id.* at 1281-82; Appellant's Opening Br. at 7-8, 17-19, from *Bright v. United States*, No. 2009-5048 (Fed. Cir. June 9, 2009), 2009 WL 1849573 (attached hereto for the Court's convenience as Exhibit 1) (clearly articulating the three arguments in turn before substantively arguing each).  The form of the resulting *Bright* opinion is very systematic: it first lays out each of those three alternative arguments presented by the plaintiffs-appellants, then it lays out the Government's response to each of the three alternative arguments, and then it proceeds to analyze each of the arguments in turn.  *See Bright*, 603 F.3d at 1281-91.  The *Bright* court rejects the first argument (satisfaction of the statute of limitations without tolling or relation back); accepts the second argument (tolling); and, finding the second argument persuasive and dispositive, does not reach the third (relation back).  The Government repeatedly and wrongly cites the portion of the opinion rejecting the first argument as though it is rejecting a "relation back" argument.  In fact, however, the portion of the opinion the Government references never even *mentions* Rule 15 or "relation back" whatsoever nor does it cite a *single* case addressing that issue and the court

*expressly* states it does not reach that issue. *See also* Exhibit 1 at 20-67, which does not discuss any Rule 15(c) or other "relation back" cases in presenting its novel first argument (an argument Plaintiffs here do not make). Thus, the Government is simply wrong when it argues that this Court should look to *Bright* for guidance regarding relation back under Rule 15(c).

**Second**, one of the arguments the Government advances to distinguish *Bright* vis-à-vis the availability of class tolling is that, while that decision was motivated by a desire to avoid a "multiplicity of actions" and burdening the court with "timing class certification and implementing opt-in procedures in such a way as to make sure that the limitations period was met[,]" none of these concerns are supposedly implicated in this case. *See* Reply at 13-14 n.7 (quoting *Bright*, 603 F.3d at 1285, 1288). The Government argues that "[t]here can be no 'multiplicity of actions' here because any new claims are time-barred." *Id.* In essence, the Government argues that, if this Court simply dismisses all the contested claims, it can sidestep all of these issues implicated in *Bright*. This argument misses the point. Of course, dismissing challenged claims with prejudice would avoid a multiplicity of actions in the *instant* case, but the prudential concern articulated in *Bright* is about the practical effect on *future* class actions if claims like these are not tolled. If this Court announces a new approach rejecting class tolling in the Court of Federal Claims, countless people will necessarily file protective individual actions to preserve their claims when, in reality, a simple class action filing could conserve private and public resources while important legal determinations are made regarding the viability and scope of redress for such claims (as was envisioned by the Parties and the Court in this case, as reflected in the various scheduling orders). Here, for example, the Parties agreed to file cross-motions for summary judgment in order to determine which types of claims, if any, could go forward in this litigation. While this Court did not ultimately grant those motions in the instant

case, this represents a sensible process when multiple entities are affected by the same government conduct to determine which types of claims are legally viable before requiring all possible plaintiffs to get their claims on file.  This process is significantly aided by the availability of class tolling.  We know this was what was intended by the *Bright* court's reference to avoidance of the multiplicity of actions and avoiding burdening the court with timing of class certification and opt-in procedures because, like the instant case, simply dismissing all the contested claims there would have avoided those issues in the case then before the court but required a less efficient process for all *future* claims.  Thus, to argue that the problems resulting from multiplicity of actions and timing of class certification decisions are avoided by looking to the *present* case for the effect of a dismissal of all contested claims simply misstates the practical concerns underlying *Bright*'s ruling regarding class action tolling.

**Third**, in its opening brief, the Government flatly and wrongly claimed that "in every case within the Federal Circuit in which courts have allowed tolling of class action claims the representative plaintiffs filed both a class action complaint and a motion for class certification prior to expiration of the limitation period."  ECF No. 125 at 14 n.4.  Plaintiffs explained in their opposition brief that there were, in fact, *two* reported Court of Federal Claims decisions where a motion for class certification was *not* filed prior to expiration of the limitations period and *both* cases ruled that class tolling applied.  Opp'n at 20-23 (citing *Geneva Rock Prods., Inc. v. United States*, 100 Fed. Cl. 778, 783 (2011) and *Toscano v. United States*, 98 Fed. Cl. 152, 154-55 (2011)).  The Government now argues these cases "should be confined to their facts" because "the parties were awaiting guidance from the Federal Circuit on the availability of tolling[.]" Reply at 16. The Government suggests that those cases' outcomes hinged on the fact that the limitations period expired before the issuance of *Bright* and that it would have been unfair to bar the *Toscano* and

*Geneva Rock* plaintiffs' claims because they could not have known they were required to move for class certification prior to expiration of the limitations period. *Id.* This flimsy argument is counter-factual in at least three respects. First and foremost, both courts articulated detailed explanations of their rationales for determining that class claims were tolled, which leave no ambiguity and in no way resemble the post-hoc, self-serving, and extremely limited interpretations now offered by the Government. *Toscano*, 98 Fed. Cl. at 154-55; *Geneva Rock*, 100 Fed. Cl. at 783; *see also* Opp'n at 22-24. Second, it is not true that the plaintiffs in those cases could have moved for class certification prior to the expiration of the limitations period if they had only known how *Bright* had come out since both cases were filed only days before the expiration of the period and there was no time for discovery or any expert work of the sort necessary to support a class certification motion. *Toscano*, 98 Fed. Cl. at 153; *Geneva Rock*, 100 Fed. Cl. at 781. Third, there would be no legal basis for a court to simply extend the statute of limitations for plaintiffs in those cases out of some general notion of fairness.[1] Thus, the Government's efforts to distinguish *Toscano* and *Geneva Rock* are unavailing. Remarkably, the Government asserts that it is "telling" that "no other decision in the Court of Federal Claims has extended the reasoning of those cases[.]" Reply at 16. In fact, what is telling is that *every single opinion ever issued in the entire federal court system*, including the two opinions discussed above in the Court of Federal Claims, has determined that once class tolling is found to apply, it applies equally regardless whether a motion for class certification is filed before or after the statute of limitations would otherwise have expired.

---

[1] As the Government is quick to point out, section 2501 is jurisdictional. Yet, in advancing this argument, the Government apparently argues that the Court of Federal Claims could determine that it will not apply the limitations period to effectuate its own notion of fairness. In fact, neither of Plaintiffs' arguments depend upon exercise of a court's equitable powers or waiver. Relation back derives from Rule 15 and class tolling derives from Rule 23.

Dated:   June 26, 2018                          Respectfully submitted,

                          */s/ J. Michael Ponder*
                          J. MICHAEL PONDER
COOK, BARKETT, PONDER & WOLZ, L.C.
1610 N. Kingshighway, Suite 201
P. O. Box 1180
Cape Girardeau, MO 63702-1180
Phone: (573) 335-7200
Fax:   (573) 335-6182
Email:  mponder@cbpw-law.com

BENJAMIN D. BROWN
LAURA ALEXANDER
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Phone:  (202) 408-4600
Fax:    (202) 408-4699
Email:  bbrown@cohenmilstein.com
              lalexander@cohenmilstein.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I did on this 26th day of June, 2018, cause the above and foregoing to be sent via electronic transmission to:

SEAN C. DUFFY
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
Telephone: (202) 305-0445
Facsimile: (202) 305-0506
Email: sean.c.duffy@usdoj.gov

*Attorney for Defendant*

                                          */s/ Benjamin D. Brown*
                                          BENJAMIN D. BROWN
                                          COHEN MILSTEIN SELLERS & TOLL PLLC
                                          1100 New York Avenue NW, Suite 500
                                          Washington, DC 20005
                                          Phone:  (202) 408-4600
                                          Fax:     (202) 408-4699
                                          Email:  bbrown@cohenmilstein.com